Good morning, Your Honors. I'm William Broberg, and I represent the defendant appellant David Taylor. On behalf of the defendant appellant and on behalf of myself, thank you very much for hearing me this morning. I would also like to reserve two minutes of my time to respond to the government. I wanted to start out with what I believe or should be maybe the only point of agreement in this entire case. I think it's fairly not subject to dispute that every person involved in the proceedings below, from the district judge to the U.S. attorney, the probation officer to defense counsel, understood that David Taylor wanted to challenge that he was a career offender and that David Taylor wanted a lawyer that would help with that challenge. I think everyone knew that. I think the judge knew that through questioning of Mr. Taylor without counsel present a year earlier and in every subsequent letter that he sent. Mr. Taylor's position had been unwavering. He simply wanted to be able to challenge this thing. He faced dramatic stakes. It increased his sentence by 110 months. He wanted the government to prove it. What's his defense to being a career offender? I'm sorry? What's his defense? What would he have shown? He has an 86 conviction for attempted armed robbery in Arizona and a 91 conviction for armed robbery in Arizona. What was his defense? First of all, I don't believe that those – I don't believe that he has ever admitted those convictions. I don't believe. What does that mean? I don't understand. I don't believe is not much of an argument. No, no, I'm sorry. Are you talking about the record or what? He has not in nowhere has he admitted to those convictions. Did he – did anybody object to the pre-sentence report? He tried to object to the pre-sentence report. Let's say he had a lawyer before, you know. Yes. At the time the pre-sentence report was prepared, he was represented by counsel. He was. Counsel filed a sentencing memorandum, at least before the sentencing hearing. We all know that. In that sentencing memorandum, did his counsel object to his – to these two priors as predicate priors for purposes of the court? No, Your Honor. In fact, that sentencing memorandum essentially conceded that they existed, which I have two other subsidiary points. Taking Judge Silverman's question, if he could object to these, what would be the objection to these? That he – They were not – he did not suffer these convictions or these convictions do not, as a matter of law, qualify as predicate priors. That's what Mr. Taylor believed and that's what Mr. Taylor made abundantly clear to everyone. Well, I'm asking you, as Judge Wallace did. Is it your position that these crimes do – if you were to get to the heart of these crimes, that they do not qualify as a matter of law as predicate priors? Assuming that I know exactly what statute it was and that I can go find it in Arizona without any citation to any statutory section, Mr. Taylor, I believe, has an argument, a very good argument, that one of them does not qualify. The attempted armed robbery statute in Arizona, assuming I'm getting the correct one, you have to look at three different statutes. In Arizona, unlike many other states, the attempt statute purports on its face to punish any act, not a substantial step, but any act. The judicial construction of that attempt statute is different than what it – in Arizona than it has been in other states. That is an argument that he could make. I'm having trouble getting how we're going to decide your issue. I'm sorry, Your Honor. First, as Judge Pius points out, it was clearly before the defendant at the time of sentencing. It was in the pre-sentence report. No objection to those two as being predicate offenses. He was trying to object. The district court cut him off. I'm sorry. I'm sorry. I didn't ask what he was trying. There was no objection to the district court. There was no objection because there was no opportunity. Okay. Now, he does say that he wanted more time to get the material from Arizona. The lawyer said, I got him the material from Arizona, so that's an issue that may come up in some other venue. So then we get to this case, and in your opening brief, you do not set this up as an issue. So under our rules, as you know, if you don't set up as an issue, it's waived. I understand you've brought a motion now, but that's only trying to clear up what you failed to do in your opening brief. So how do we get to this issue when, A, it's been waived by the lawyer that represented him by not raising it in the district court? It's waived on appeal because it's not set up in the appellate opening brief. Why do we get to this issue? It seems to me it's not before us. Your Honor, I believe that the circumstance is a little different. I believe that the U.S. did raise the legality of the career offender designation in its brief in at least two places. And out of an abundance, in a situation like that, I'm entitled to respond to it. And I did reply to that, and you are entitled to consider it. Well, our rules are very clear. Our rules do not say you get to raise it if the appellee talks about it. It says you must raise your issues on appeal. The only thing that comes close in your briefs is a footnote in your reply brief. I'm sorry? The only thing that comes close to this issue is a footnote in your reply brief. Well, I'm just not sure the issue is really before us. Your Honor, I think it is. I realize that perhaps my motion shows how it is before you, and if you don't feel it is, I think it would be a manifest injustice not to reach this issue. Manifest injustice. That assumes something, that the first lawyer was wrong because he didn't object because he knew. It assumes that your client didn't have the information from Arizona when the prior lawyer said he sent it to us. So assuming a manifest injustice. I'm not sure I understand your question. Well, you say there's a manifest injustice, but you have to make an assumption that, A, the lawyer was wrong the first time when he didn't object to the priors, and, B, that your client in his opening brief thought there was an issue here but mistakenly didn't raise it in the opening brief. No, I actually, when I conceptualized the opening brief, believed that this case was settled for, I believe, the error that caused the prejudice, and this case happened far before sentencing. When I got the government's response, and that is the denial of the January 16th motion to withdraw, and I think that denial, we see kind of everything that comes after this. When I got the government's response, though, and they're like, he's legally qualified as a career offender, this, that, I had to reply to it, and I did reply to it, and that suggests another issue if the court goes past the January 16th motion to withdraw. When did you file your reply brief? I'm sorry? When did you file your reply brief? February the 11th, Your Honor. Why are you bringing the motion today? I'm sorry? Why are you bringing the motion today? Well, I believed that it was fairly, I mean, the law is if they raise it, it gives you discretion to consider the legality of the career offender. It might have been useful if you had filed it in February. I'm sorry? Maybe you should have filed it in February when the response was filed, that you say triggered this in your mind. Yes, maybe I should have. You're absolutely correct. You've got about a minute and a half left if you want to. I will save it. Thank you. Thank you.  Good morning, Your Honors. Helen Bruner here today on behalf of the United States. I guess I would just begin my argument by reiterating that there was no objection to the pre-sentence report in answer to the Court's question. The pre-sentence report addendum itself indicates there was no objection by the defense and there certainly was not when one reads the sentencing memorandum filed by counsel who was still counsel of record at that point in time and remained so until after sentencing. And I think that reflects the fact that there really wasn't a legal basis to challenge  if one takes a look at the Arizona statute for armed robbery, it quite clearly fits the definition in the sentencing guidelines at 4B1.2. And 4B1.2 commentary note one clearly includes attempt. So I think that explains it. I could address the other issues raised in the brief, but I would defer to the Court. If the Court has questions for me, I'd be happy to answer them. Otherwise, I won't rely on them. I've got a question for you, Ms. Bruner. On January 16th, Mr. Johnson made a motion to withdraw. That's correct, Your Honor. And said there was a total breakdown of communications with the client or something to that effect. And a few weeks later, denied by the district judge without any kind of hearing or inquiry or anything of that sort. What do we do with that? Well, Your Honor, I think it's worth observing a couple of things about that motion. What this Court is faced with on the question of substitution of counsel is a situation where the district court was asked to provide the third appointed counsel to this defendant. And at the time of the February 5th, 2004 denial by the district court of that January motion, there were, before the district court already, three letters and a motion that pertained to Peter Avenia, the first counsel in this case. Three letters and two motions concerning Charles Johnston. And the district court itself had already held an ex parte hearing with the defendant listening to his complaints, all of which really were in substance, some in substance, the same sort of complaint. He was complaining that he shouldn't be a career offender, that it would be a rather career criminal, considered a career criminal under 24B1.1, and that that would be too much time. And he at times in those letters makes reference to the fact that a judge in Arizona may or may not have said he was a non-violent, non-repeat offender. I don't believe that there's anything in the record to substantiate that, but that's in his letters. So the district court had all of those things. I don't know that any further inquiry would have elicited anything further. Moreover, the magistrate judge had conducted an extensive hearing on the motion to substitute Mr. Johnston ultimately for Mr. Avenia. Again, the same sorts of complaints. There is nothing that differs. And then following that denial, there are four more letters that are in the record repeating yet again the same concerns and complaints. So by the time the Court considers again the motion on the data sentencing and I think you want to say before I deny it. Right. I guess, Your Honor, at some point it becomes, I believe the law of the circuit is that the Court has to have sufficient basis for reaching an informed decision. The Court could have conducted another inquiry, but it wouldn't have made any difference, I submit, because the complaints repeatedly, repeatedly are the same. That is, that when this defendant is told by his counsel that his prior convictions unequivocally make him a career criminal under the sentencing guidelines, he's not happy with that, he's not happy with them, and he refuses to speak to them. And that is the crux of the problem. I think Judge Tanner put it well when he said what exactly is a court supposed to do to try and make a defendant speak to the counsel when he refuses. And that is the heart and soul of this whole problem in this case. And it strikes me as I was reading through the entire record, and I was not counsel below, that it is a sort of a catch-22 for everyone involved, because he is very unhappy with the reality of his situation and, therefore, does not speak to counsel, which, therefore, sets up a conflict, which, therefore, he believes he's now entitled to new counsel, and I think the Court could have substituted third counsel or fourth counsel, and the result would have been the same. I've got a question I'd like to ask you. In your statement of issues on page 1 of your brief, you have D, whether the district court improperly found the defendant to be a career offender where the sentencing factors are felony convictions. And I take it that that's what counsel is referring to, that you brought it up. I think a precise reading of it doesn't bring up whether or not these are felony convictions, but whether the district court found him a career offender based upon the felony convictions. But what do we do with this comment on the reply brief of counsel in a footnote where he says what Mr. Taylor wanted his lawyer to do was pretty simple and could not have been made clear, challenge the career offender's enhancement, make the defendant a career offender. Now, at that point, he's not indicating, as I understand it, that they aren't, but that the government has to prove it and complain that there wasn't even a citation to the statutes. What was the state of the record at that time as far as the predicate felonies are concerned to the career offender fence? At the time of sentencing, Your Honor, what was before the district court was the pre-sentence report. The pre-sentence report lists the date of the convictions, the county of convictions, describes the offense, but does not include the citation. That is clear from the record. And it describes in about a paragraph what the conduct was that under was underlying the conviction. That is the state of the record. This was in the pre-sentence report? This was in the pre-sentence report, Your Honor. There was also some statement in here, I think in your brief, that because of the complaints of Mr. Taylor, his counsel did get information from Arizona. Does it indicate what information he got from Arizona? What the state of the record is in that regard, Your Honor, is found in, if the Court will indulge me one second, I can tell you where it is in the record. It relates to the motion for substitution of counsel filed by Mr. Johnston. And it's the motion that was filed on March 12th, 2004. And it is found at page 126 in the excerpts of record. What's the record citation? Page 126, Your Honor. Page 126 of the excerpt? Yes. And in it, he simply says that, well, I will read it. Mr. Taylor sat down and began to question me as to why I had not provided him a complete prison record from Arizona. He had previously requested his complete prison record from Arizona. The prison record is quite large, and I downloaded from the computer only the materials I felt was pertinent to his sentencing. I forwarded Mr. Taylor those portions of his prison record, but he demanded the entire record. After explaining to Mr. Taylor I only provided him with what I thought was pertinent for his sentencing, he became extremely upset. And that is the state of the record on that point. So we don't know exactly what documents were provided to him. Thank you. Let me just ask you one question about those prior convictions. You know, in the pre-sentence report, they are identified, and you're right. They don't list the statute of conviction. And there was no objection. So as a matter of law, was that sufficient? Was that a sufficient factual basis for the Court to conclude that those prior convictions as a matter of law qualified as predicate offenses? I think it was in this case because of the lack of objection for the record. Don't we have some cases that say at least, you know, the report at least has to identify the statute of conviction? We have. This Court's opinion, I believe, in United States v. Potter that is cited in Romero. Rendon. Yes. Thank you, Your Honor.  The United States v. Potter does talk about in the context of, I believe that was a 13 alien reentry after deportation case and an enhancement for aggravated felony. And part of the issue there was whether or not this was the amount of additional time that required clear and convincing evidence. And in that instance, the Court required citation to the statute. I think the difference here, though, if the Court will permit me, I actually did go to Westlaw in preparation for this argument and took a look at the Arizona statutes. There really isn't. There is only one Arizona statute for armed robbery. So it's not as if we are talking about something that's particularly complex or difficult to find. And Westlaw conveniently also provides you the ability to go back in time, and the statute has been the same for the 1986 conviction that this man faced and the 1991 conviction that this man faced. So I think in the absence of the objection, there is sufficient in the record. Okay. Thank you. Thank you, Your Honor. Thank you. Thank you, Ms. Brewer. Thank you. Brooke. Just very briefly, as to Judge Silverman's question about the January 16th motion to withdraw and the lack of hearing on it, I would direct the Court to a case that the government cites in response, the Smith case, which actually discusses two separate motions to withdraw. One, a person trying to get their third court-appointed lawyer, and the motion was filed just 13 days before trial. The judge there held a very extensive inquiry, unlike the judge here. Doesn't Smith stand for the proposition that the failure to have a hearing on a enough information in front of him or her to sign it? I believe Your Honor is referring to the post-trial motion for withdrawal and substitution in that case, too. And in that case, after Judge Zillow, excuse me, the district judge watched an entire trial that apparently was fairly lengthy and then watched the defendant and counsel interact, then concluded that he had enough information to make the decision without inquiry, which is very, very different than here. I see my time's up. Thank you. The case just argued is submitted. The motion to file a supplemental brief is under advisory. Thank you very much.
judges: Wallace, Silverman, Paez